LOTTINGER, Judge.
Petitioner, Harry Eason, instituted this action against defendants, Robert E. Mc-Gill and Delta Equipment and Construction Company, Inc., hereafter referred to as “Delta”, in solido, seeking a money judgment in the amount of $5,385.60 for services rendered under an alleged contract. Defendant, Robert E. McGill, third partied Delta. The Lower Court awarded judgment in favor of petitioner and against defendant, McGill, in the sum of $4,900.00, and in favor of McGill and against Delta in the sum of $3,936.93. Defendant, Robert E. McGill appealed. No appeal was taken by Delta.
The petition alleges that petitioner entered into an oral contract with defendant, McGill, for the clearing of certain land and that, at the time of the consummation of said contract, McGill was acting as the undisclosed agent of Delta. Defendant, McGill, answered the suit denying the oral *520 contract and his agency’s relationship with Delta and third partied Delta seeking recovery from Delta for any amount which he might be cast in judgment in favor of petitioner.
Delta answered petitioner’s suit alleging that its only contract was with defendant, McGill, and that Delta had no contractual relationship with petitioner whatsoever. Delta further answered and denied the allegations of the third party demand by McGill and reconvened against McGill claiming certain setoffs for which it should be given credit in the event that there was a judgment against it on the third party demand.
The undisputed facts disclose that during the spring of 1965, petitioner cleared some 50 acres of land situated in the Parish of East Baton Rouge, Louisiana. The work performed by petitioner was part of a public works project on which Delta was the prime contractor. Defendant, McGill, admits that the work performed by petitioner entitles him to a judgment in the amount of $4,900.00.
The only question to be resolved on this appeal is whether or not petitioner has proven the existence of an oral contract with defendant, McGill. The Lower Court held that such an oral contract existed and rendered judgment accordingly.
The findings of fact by the Lower Court are as follows:
“Plaintiff had done clearing work for defendant previously; Delta needed some clearing work done in connection with its contract with the Department of Public Works (P-1); Mr. Lindley, Delta president discussed his need for a clearing contract with defendant; defendant told Lindley that he was building a bridge over a bayou on his property in Avoyelles Parish and he needed a crane; Delta had a dragline suitable for the bridge work; defendant knew Eason needed work; Eason did clear some 50 acres for the agreed amount of $99 per acre; that plaintiff thought he was working for defendant; that plaintiff never met Lindley; that plaintiff’s man, Hatten was told by DPW men what to do; that Fred Matthews, defendant’s foreman, came to the job site 2 or 3 times a week to supervise Hatten; that $50.00 was taken off of Eason’s bill for the disposal of stumpage when Delta’s men agreed to do it for that amount; that Matthews told Hatten if plaintiff would not deduct the $50.00 he, Matthews, would pay it; Matthews also got Hatten some parts for his dozer.
It was obvious to the court throughout the trial that defendant needed a drag-line and Delta needed some clearing work done. Delta could supply a drag-line ; defendant had a man who could do clearing work. These facts underscored all of the testimony:
Accordingly defendant lined up Eason to do the clearing work. He was not just overseeing the job out of friendship. It was his end of the bargain with Delta. He would do, or have done, the clearing work. In return he would get the drag-line he needed to build his bridge.
The facts convinced the court that plaintiff did the work for defendant. He never got any instructions from Delta. In fact, Eason and Lindley did not know one another until they met in court. Fred Matthews supervised the job. Mr. Hatten testified that he came out 2 or 3 times a week. Accordingly, the court feels that plaintiff is entitled to recover from defendant. Clearly the only contract or arrangement he had was with defendant. The evidence showed plaintiff cleared 50 acres at the stipulated price of $99.00 per acre. He is entitled to recover $4950.00, less the $50.00 for the stumpage, or a total of $4900.00.
As between defendant and Delta there was absolutely no evidence that any agency relationship, expressed or implied, existed. Very clearly there was a contract between defendant and Delta. Un *521 der the terms thereof defendant was to have the clearing work done for $99.00 an acre. Defendant agreed to pay plaintiff $99.00 so he derived no profit out of the clearing contract. The consideration the defendant received for doing this work was to obtain the use of Delta’s dragline at an attractive rental.”
In support of its argument that no contract existed between petitioner and McGill said defendant cites Articles 1893 and 1896 of the Louisiana Civil Code which provides as follows:
Article 1893
“An obligation without a cause, or with a false or unlawful cause, can have no effect.”
Article 1896
“By the cause of the contract, in this section, is meant the consideration or motive for making it; and a contract is said to be without a cause, whenever the party was in error, supposing that which was his inducement for contracting to exist, when in fact it had never existed, or had ceased to exist before the contract was made.”
A reading of the transcript of the testimony taken upon trial of this matter discloses that the Lower Court did not err in holding that Delta, as prime contractor, contracted with McGill to do the clearing work on the property in question, and that McGill, in turn, subcontracted the clearing work to petitioner. The contract between Delta and McGill was for the consideration of $99.00 per acre. The sub-contract, on the other hand, between McGill and petitioner was also for $99.00 per acre. Therefore, McGill received no money from the deal, however, the record does clearly disclose that McGill was in need of a truck crane to assist him in the construction of a bridge. Delta did have such a truck crane and did agree to rent same to McGill for the price and consideration of $500.00 for approximately 3 weeks.
The Trial Court found that the rental of this truck crane, at a very reasonable rate, was the consideration for the contract entered into by and between Delta and Mc-Gill. This might have been McGill’s motive for entering into the clearing contract with Delta but the real consideration of the contract was the sum of $99.00 per acre. The fact that McGill subcontracted the work to petitioner for the same price, $99.00 per acre would be of no avail to McGill herein, as the law does not require a contractor to make a profit. The record shows that there was a consideration for both contracts and we find no error on the part of the Lower Court.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by appellant.
Judgment affirmed.